UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AMALIA MORIN, § | |
| § | |
| *Plaintiff*, § | |
| v. § | EP-25-CV-00414-DCG-ATB |
| § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION, § | |
| § | |
| *Defendant*. § | |

**REPORT AND RECOMMENDATION**
**REGARDING MOTION TO PROCEED *IN FORMA PAUPERIS***

Presently before the Court is Plaintiff Amalia Morin's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) filed on September 24, 2025. In the underlying complaint attached to the motion, Morin appeals, pursuant to 42 U.S.C. § 405(g), from the Commissioner's final decision denying her claims for disability insurance and/or supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and § 1382, *et seq.* Pursuant to 28 U.S.C. § 636 and Senior District Judge David Guaderrama's standing order,[1] the case was referred to the undersigned Magistrate Judge.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing [fees]." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). However, "[t]here is no absolute right to proceed in court without paying a filing fee in civil matters"; rather, "it is a privilege extended to those unable to pay filing fees." *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) (internal quotes omitted) (citing *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969)).

---

[1] *See* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Referring-Social-Security-Cases.pdf.

Under § 1915(a)(1), "the commencement or filing of the suit depends solely on whether the [plaintiff] is economically eligible." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). To establish eligibility, the plaintiff must "submit[] an affidavit that includes a statement of all assets [the plaintiff] possesses that the person is unable to pay such fees," 28 U.S.C. § 1915(a)(1)—and Morin has submitted such an affidavit, Mot. to Proceed *In Forma Pauperis* at 2–6[2] [hereinafter Mot.], ECF No. 1. Therefore, "[t]he only determination" to be made by the Court "is whether the statements in the affidavit satisfy the requirements of poverty." *Watson*, 525 F.2d at 891.

That determination turns on "whether the [plaintiff] can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Texas Dep't of Crim. Just.*, 70 F.3d 1268, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)). In addressing that question, courts consider the plaintiff's present assets, periodic income together with her spouse's periodic income, and periodic expenses, as well as whether the expenses are discretionary or mandatory. *Roden v. Texas*, 58 F.3d 636, 1995 WL 371022 at *2 (5th Cir. June 2, 1995) (unpublished but precedential decision under Fifth Cir. R. App. P. 47.5.3); *Fuller v. Kijakazi*, No. EP-22-CV-133-FM-MAT, 2022 WL 20742561, at *1 (W.D. Tex. Apr. 28, 2022).[3] In addition, courts "look to where the [plaintiff's] reported income is in relation to applicable poverty guidelines" published by the

---

[2] All pin citations to the motion refer to the page numbers imprinted thereon by the Court's Case Management and Electronic Case Filing system.

[3] *See also, e.g.*, *Smith v. Comm'r of Soc. Sec.*, No. 3:23-CV-417-TSL-MTP, 2023 WL 5034152, at *1 n.1 (S.D. Miss. July 6, 2023) ("In considering an [*in forma pauperis*] application, the [c]ourt may consider the total monetary resources available to assist [the plaintiff] and it is appropriate to consider a spouse's income." (internal quotes omitted)); *Pryor v. J.B. Hunt Transp. Servs., Inc.*, No. 3:23-CV-226-MPM-RP, 2023 WL 6057308, at *1 (N.D. Miss. June 22, 2023) ("Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income, including the income of plaintiff and her spouse, expenses, and any other property or assets the individual possesses.").

U.S. Department of Health and Human Services.  *Faraoni v. Veterans Admin.*, No. WA-24-CV-00040-ADA-JCM, 2024 WL 1301224, at *1 (W.D. Tex. Jan. 22, 2024) (collecting cases).

In the Western District of Texas, the fee for filing any civil action, suit, or proceeding is $405.[4]  Morin, who is 62 years old, has a monthly income of $3,281 from unspecified retirement and disability-related payments,[5] and her spouse has a monthly income of $1,495 from like sources; so, their combined monthly income is $4,776.  Mot. at 3.  On the other hand, their monthly expenses total $4,602—which includes $1,230 in mortgage payments for their home valued at $530,000; $300 in installment payments for one or both of their two cars valued at $18,000; and $700 in credit card payments.[6]  *Id.* at 4–5.  Subtracting their expenses from income results in a net positive monthly balance of $174.  Morin also has $4,300 in her bank accounts, *id.* at 3, though she says that the money in the bank will soon be depleted because she will have to pay El Paso County $1,000 to settle a property-related issue and another $900 for car repairs, *id.* at 6.  Even after making these payments, Morin would have $2,400 in her bank accounts.

In addition, Morin states that no person relies on her or her spouse for support.  *Id.* at 4.  The applicable poverty guideline for a two-person family or household is $21,150 annually.  *See* U.S. Dep't of Health & Human Servs., *Annual Update of the HHS Poverty Guidelines*, 90 Fed.

---

[4] U.S. Dist. Ct. for W. Dist. of Texas, *Fee Schedule*, https://www.txwd.uscourts.gov/court-information/fee-schedule/ (last visited Sept. 16, 2025).

[5] *See, e.g.*, *Bruton v. Colvin*, No. 4:14-CV-083-A, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014) (Courts "consider social security payments in making the in-forma-pauperis determination."); *Davis v. Tisdale*, No. 1:25-CV-39-LG-BWR, 2025 WL 1779562, at *3 (S.D. Miss. June 27, 2025) ("VA disability compensation can be considered income when evaluating an [*in forma pauperis*] motion." (citing *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020))).

[6] Morin says that she owes $24,000 in credit card debts.  Mot. at 6.  It is not clear whether the debts or their monthly payments are discretionary expenses.  *Cf. Ramsey v. NFI Indus.*, No. 3:21-CV-3217-S-BH, 2022 WL 707234, *1 (N.D. Tex. Feb. 18, 2022) (observing that "[s]ome monthly expenses, such as . . . credit cards, appear to be discretionary").

Reg. 5917, 2025 WL 224799 (Jan. 17, 2025).[7]  Morin and her spouse's combined annual income is $57,312.  *See* Mot. at 3.  As such, their income exceeds the poverty level—by a factor of 2.7.

The Court finds that paying the $405 filing fee would not impose an undue financial hardship on Morin or deprive her of life's necessities and therefore, concludes that her motion should be denied.  *See Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29) (finding that paying filing fees will not cause undue financial hardship where the plaintiff's annual income was $31,000, but the applicable poverty guideline was $13,590—that is, the plaintiff's income exceeded the poverty level by a factor of 2.3—and the plaintiff had "additional resources of $122 in a checking or savings account"), *R & R adopted*, 2022 WL 18110176 (W.D. Tex. Oct. 18, 2022).

For the foregoing reasons, **IT IS RECOMMENDED** that:

1. Plaintiff Amalia Morin's Motion to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED**;

2. Plaintiff be given **fourteen (14)** days to pay in full the filing fee after the District Judge's order; and

3. Should Plaintiff fail to timely pay the filing fee, this matter be dismissed without prejudice and without further notice.

**So ORDERED and SIGNED this  30th  day of September 2025.**

_____
**ANNE T. BERTON
UNITED STATES MAGISTRATE JUDGE**

---

[7] *See also* U.S. Dep't of Health & Hum. Servs., Office of Assistant Sec'y for Planning & Evaluation, *HHS Poverty Guidelines for 2025*, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Sept. 29, 2025).

## **NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**